**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:07CV-P144-M**

**MARK C. ARFLACK**                                                                                           **PLAINTIFF**

**v.**

**COUNTY OF HENDERSON, KENTUCKY** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION**

On or about November 19, 2007, Plaintiff filed this action. Plaintiff sued the following individuals in both their official and individual capacities: County Sheriff Ed Brady, Jailer Ron Herrington, Chief Deputy Freddie Rowland, Major Overfield, Deputy Jailer McDaniel, Deputy Jailer Vaught, Deputy Jailer Baker, Officer Greenwell, Medical Director Krystal Spoudson, Head Nurse Freyda, and Southern Health Partners President Jeffery Reasons. He also names Henderson County as a defendant. He is seeking monetary and punitive damages.

Plaintiff alleges that while being held at the Henderson County Detention Center he was housed with other inmates known to be dangerous and violent. He claims that he was threatened by inmate Holland. Plaintiff claims to have reported the threat and requested to be moved. His requests, however, were denied. On January 18, 2007, Plaintiff states that he was nearly beaten to death by Holland and another inmate named McElveen. He was then placed in his cell unconscious for approximately five and one-half hours. By the time he was discovered by prison officials, Plaintiff's condition had deteriorated to the point that he had to be airlifted to the University of Louisville for immediate surgery for serious head and face injuries. Plaintiff claims that his injuries are permanent and debilitating, including eventual blindness in his right eye. After Plaintiff was released back to the Henderson County Detention Center, he alleges that he continued to suffer medical problems as a result of the assault. When he requested medical assistance, he claims that he was told "your are an inmate. The HCDC will not spend the money

needed to get you back in the shape you was in upon arriving at the detention center." Plaintiff also alleges that Defendants violated his right to access the courts by denying him the right to use the prison law library. Plaintiff claims this caused him to miss an important appeal deadline. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff's claims to proceed for further development. This matter is now before the Court on Defendant Sheriff Brady's motion to dismiss (DN 29).

Defendant Brady argues he should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's complaint fails to state a claim against him upon which relief can be granted. He argues that he is "not even mentioned in plaintiff's statement of claims filed on November 26, 2007" and further that "jailers are elected in Kentucky counties to manage county jails" and that as sheriff he did not have authority over the Henderson County Jail.

Plaintiff alleges the following in his complaint concerning Sheriff Brady:

Sheriff Brady acted under color of State law to deprive plaintiff of rights secured by the United States Constitution and laws. Sheriff Brady, being overseer of the County and Jail knows that pretrial inmates are to be separated from persons serving sentences, but still allowed plaintiff to be housed in maximum security with known violent, sentenced, State and County inmates, which are supposed to be separated from Federal inmates. Sheriff Brady is to blame for the absence of classification of inmates on the basis of their known dangerousness. Sheriff Brady's lack of training by the County and his lack of training his staff, has allowed a custom to be formed in his County. Lack of training can be included when Constitutional laws are violated. Sheriff Brady was prejudiced to the fact that after two of his deputies brought plaintiff from Florida to Henderson, signing for the plaintiff's safekeeping, custody and care, never followed through with making sure that plaintiff was being kept in a safe environment, causing deliberate indifference by the sheriff. By not properly overseeing his jail caused Deliberate indifference to substantial risk of serious harm to plaintiff. Furthermore subjecting plaintiff to cruel and unusual punishment, by suffering from the physical and emotional pains of being attacked. Sheriff Brady, failed to protect plaintiff. Sheriff Brady or his deputies did not come to the jail to investigate the events of the attack that took place on plaintiff 1-18-07. The sheriff instead, allowed an inexperienced jailer and deputy jailer to conduct the

investigation, which led to inmate Holland not being properly charged for his crime. (DN 1, memo at 12-13).

The duties of sheriffs in the Commonwealth of Kentucky are set forth in Ky. Rev. Stat. §§ 070.010 -.273. Overseeing the jails is not one of those duties. Rather, in Kentucky jailers are elected to oversee the jails.[1] *See* Ky. Rev. Stat. § 71.020 ("Each jailer shall have the custody, rule and charge of the jail in his county and of all persons in the jail and shall keep the same himself or by his deputy or deputies."). Sheriff Brady was not legally charged with ensuring Plaintiff's safety while he was housed at the Henderson County Jail. Accordingly, as a matter of law, Plaintiff has failed to state a claim for relief against Sheriff Brady.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Counsel of record

4414.008

---

[1] The sheriff only becomes responsible for overseeing the jails if for some reason the jailer is committed to jail himself or if the office of the jailer becomes vacant. *See* Ky. Rev. Stat. § 71.090.